PEOPLE OF the STATE OF MICHIGAN, Plaintiff,

v.

Jerry Dowell BAILEY, Jr., Defendant.

No. 1:95–CR–04.

United States District Court, W.D. Michigan.

Feb. 8, 1995.

Jerry Dowell Bailey, Jr., Ionia, MI, pro se.

## MEMORANDUM OPINION

McKEAGUE, District Judge.

 Defendant, an inmate at the Ionia Maximum Facility, has been bound over to the Ionia Circuit Court to stand trial on a charge of inmate assault on staff, contrary to M.C.L. 750.197c. Defendant has not yet been arraigned in the state circuit court.[1] Now before this Court is defendant's petition for removal to federal district court on the ground that "[t]here is no defense of conspiracy and racial discrimination for inmate assault on staff." Defendant's petition for removal, p. 5. Construed liberally,[2] Defendant's claim is that the federal prohibition against conspiracy and racial discrimination confers upon him the right to assault prison staff members who allegedly violate these federal prohibitions. Defendant cites 28 U.S.C. § 1443(1) and 42 U.S.C. § 1985 as the authority supporting his petition for removal.

Removal of a state court criminal prosecution is permitted under 28 U.S.C. § 1443(1) if a defendant "is denied or cannot enforce in the courts of such State a right under a law providing for ... equal civil rights." Construing the phrase "any law providing for ... equal civil rights," the United States Supreme Court has explained that "it seems clear that ... Congress intended in that phrase only to include laws comparable in nature to the Civil Rights Acts of 1866." *Georgia v. Rachel*, 384 U.S. 780, 790, 86 S.Ct. 1783, 1789, 16 L.Ed.2d 925 (1966). The phrase was "intended to protect a limited category of rights, specifically defined in terms of racial equality." *Id.* at 791, 86 S.Ct. at 1789. "[I]t refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them on all." *Id.* at 792, 86 S.Ct. at 1790 (citation omitted). Furthermore, even if defendant can establish the existence of a right

encompassed by § 1443(1), he must then show that he is "denied or cannot enforce" that right "in the courts of" Michigan. "[R]emoval is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial. Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." *Rachel*, 384 U.S. at 800, 86 S.Ct. at 1794. Although "the denial of which the removal provision speaks 'is primarily, *if not exclusively,* a denial ... resulting from the Constitution or laws of the State'," *id.* at 804, 86 S.Ct. at 1796 (quoting *Virginia v. Rives*, 100 U.S. 313, 319, 25 L.Ed. 667 (1880) (emphasis added by *Rachel* court)), "removal might be justified, even in the absence of a discriminatory state enactment, if an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court." *Rachel*, 384 U.S. at 804, 86 S.Ct. at 1796.

In *Rachel*, the defendants "sought to obtain service at privately owned restaurants open to the general public." They were denied service, apparently solely on the basis of race. They refused to leave the restaurant and were arrested, "then indicted under the Georgia statute making it a misdemeanor to refuse to leave the premises of another when requested to do so by the owner or the person in charge." *Rachel*, 384 U.S. at 783, 86 S.Ct. at 1785.

In ruling on the defendants' removal petition the federal district court remanded the case to state court without a hearing. The federal court of appeals ordered the case remanded to the district court to allow the defendants an opportunity to prove that the refusal of service was racially motivated. *Id.* at 785, 86 S.Ct. at 1786. The Supreme Court held that the Civil Rights Act of 1964 conferred a specific right to "full and equal enjoyment of the facilities of any place of public accommodation without discrimination

---

1. Accordingly, defendant's petition for removal is timely under 28 U.S.C. § 1446(c)(1).

2. Although defendant is represented by counsel in the state court proceeding, that attorney did not assist in the preparation, or even have knowledge, of this removal petition. Therefore, this Court reviews the petition under the "less stringent standards" applied to pro se pleadings. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

on the ground of race," *Rachel*, 384 U.S. at 792–93, 86 S.Ct. at 1790, thereby satisfying the first requirement of § 1443(1). Further, any state court proceedings against someone solely on the basis of their attempt to exercise that right constitutes a denial of that right, *Rachel*, 384 U.S. at 804, 86 S.Ct. at 1796–97, thereby satisfying the second requirement of § 1443(1). Ultimately, the Supreme Court held that if on remand the defendants could "establish that they were ordered to leave the restaurant facilities solely for racial reasons," the federal district court "must then sustain the removal and dismiss the prosecutions." *Rachel*, 384 U.S. at 805–06, 86 S.Ct. at 1797.

By analogy to *Rachel*, it is clear, on two separate and independently sufficient grounds, that defendant's removal petition in this case cannot be sustained. First, 42 U.S.C. § 1985 is, like § 1983, a statute that bestows equal rights upon all, and therefore fails to satisfy the requirements of § 1443(1). See *Rachel*, 384 U.S. at 792, 86 S.Ct. at 1790. Second, even assuming § 1985 facially satisfies the requirements of § 1443(1), there is no support for defendant's argument that such a statute, prohibiting certain conduct, specifically confers upon defendant the right to assault those who allegedly engaged in the prohibited conduct.

Defendant's argument is in reality a self-defense claim which is clearly available to him in state court. Therefore, his petition for removal to federal district court cannot be sustained and this case must be remanded to the state court.

An order consistent with this opinion shall issue forthwith.

### ORDER

In accordance with the Court's opinion of even date,

The Court concludes that defendant improperly removed this case to federal district court. Accordingly, the case is remanded to state court.

**IT IS SO ORDERED.**